IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

**FILED**

MAY 28 2024

MELISSA HA...

...CLERK

| | |
|---|---|
| **DAMITIA GORDON,** | ) |
| **MATHILON GORDON** | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Docket No.** 82334 |
| | ) |
| **WHATABURGER RESTAURANTS, LLC;** | ) |
| **WHATABURGER FRANCHISE LLC; and** | ) |
| **WHATABURGER #1270** | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Come now the Plaintiffs, by and through counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiff, Damitia Gordon, is a resident of the State of Tennessee, residing in Davidson County.

2. The Plaintiff, Mathilon Gordon, is a resident of the State of Tennessee, residing in Davidson County.

3. The Defendant, Whataburger Restaurants, LLC, is a limited liability company doing business in Rutherford County, Tennessee, with a business location at 360 West Sam Ridley Parkway, Smyrna, Tennessee 37167. The Defendant may be served through its registered agent for service of process, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203.

4. The Defendant, Whataburger Franchise, LLC, is a limited liability company doing business in Rutherford County, Tennessee, with a business location at

360 West Sam Ridley Parkway, Smyrna, Tennessee 37167. The Defendant may be served through its registered agent for service of process, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203.

5.     The Defendant, Whataburger #1270, is a business in Rutherford County, Tennessee, with a business location at 360 West Sam Ridley Parkway, Smyrna, Tennessee 37167 which may be served through an officer or managing agent thereof at the aforementioned place of business.

6.     Venue is properly situated in Rutherford County pursuant to Tenn. Code Ann. § 20-4-101 as the injuries sustained by Plaintiff occurred in Rutherford County, Tennessee.

7.     This Court has jurisdiction pursuant to Tenn. Code Ann. §16-10-101.

8.     This Court has subject matter jurisdiction over the causes of action pled herein.

9.     The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial.  Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $750,000.00 in compensatory damages to the Plaintiff Damitia Gordon nor shall the amount awarded by the trier of fact exceed $50,000.00 for loss of consortium to the Plaintiff Mathilon Gordon.

10.     On or about June 23, 2023, Plaintiff Damitia Gordon slipped, fell and was injured due to the presence of a substance on the floor of the Defendants' premises located at 360 Sam Ridley Parkway West, Smyrna, TN 37167,

11.     The substance represented an unreasonably dangerous condition which the Defendants created and/or failed to prevent, correct, warn about, or otherwise make safe to customers and other invitees on the premises.

12. The Defendants, by and through the actions and/or inactions of their employees, were negligent in that they knew or should have known that the substance's presence on the floor created an unreasonably dangerous condition on the premises. The Defendants failed to take the necessary steps to correct the unreasonably dangerous condition.

13. The Defendants, by and through the actions and/or inactions of their employees, knew or in the exercise of reasonable care should have known of the presence of the dangerous condition, or Defendants created the condition either through acts of its employees, in the negligent maintenance of its equipment, or through their negligent method of operation of the business, and Defendants should have corrected the condition or warned plaintiff Damitia Gordon of its existence yet failed to do so.

14. The Defendants were negligent in that they failed to reasonably, properly, and timely inspect the premises to discover said unreasonably dangerous condition and failed to correct it in a timely manner.

15. The Defendants were negligent in that they failed to notify, caution, or warn the Plaintiff of the unreasonably dangerous condition existing on the premises.

16. The Defendants were negligent in that they failed to supervise and train its employees adequately to notice, identify, recognize, correct, or properly warn customers of the unreasonably dangerous condition.

17. As a result of her fall, which was caused by the Defendants' negligence, Plaintiff Damitia Gordon sustained serious bodily injuries.

18. The negligence of the Defendants as set out above was the sole proximate cause of the personal injuries suffered by the Plaintiff Damitia Gordon.

19. As a proximate result of the Defendants' negligence, Plaintiff Damitia Gordon received medical examination, evaluations, and treatment for injuries caused by the Defendant. Such injuries have greatly hindered the life of the Plaintiff Damitia Gordon.

20. As a direct and proximate result of one or more acts of negligence of the Defendants, Plaintiff Damitia Gordon suffered and continues to suffer severe injuries and damages as follows: past and future pain and suffering, past and future medical expenses, permanent impairment, disfigurement, past and future mental anguish, loss of enjoyment of life and loss of enjoyment of certain employment, social and recreational activities.

21. The Plaintiff Mathilon Gordon alleges that as a direct and proximate result of the Defendants' negligence, the Plaintiff Mathilon Gordon suffered a loss of the companionship, society, and affection usually enjoyed in the marital relationship, thus resulting in a loss of consortium.

22. As a result of the injuries suffered by the Plaintiffs, the Defendants are liable to the Plaintiffs for the aforementioned losses.

## PREMISES CONSIDERED, THE PLAINTIFFS PRAY:

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Civil Procedure.

2. That the Plaintiff Damitia Gordon be awarded a sum to be proven at the time of trial for damages caused by the Defendant, but not to exceed $750,000.00 in compensatory damages.

3.         That the Plaintiff Mathilon Gordon be awarded a sum to be proven at the time of trial for damages caused by the Defendant, but not to exceed $50,000.00 in compensatory damages.

4.         That the cost of this action be taxed to the Defendants.

5.         For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

6.         Plaintiffs demand a jury trial.

Respectfully submitted,

Bradford J. Spicer, BPR #030357
Ponce Law, PC
Attorneys for Plaintiffs
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776
brad@poncelaw.com

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**FILED**

DAMITIA GORDON,
MATHILON GORDON
    Plaintiff,

v.

WHATABURGER RESTAURANTS, LLC;
WHATABURGER FRANCHISE LLC; and
WHATABURGER #1270

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

MAY 28 2024
10:40
MELISSA HARRIS
DEPUTY CLERK

Docket No. 82334

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO THE DEFENDANT, WHATABURGER #1270

Plaintiffs hereby serve upon the Defendant, Whataburger #1270, the following written Interrogatories and Requests for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within forty-five days (45) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)     As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)     As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)     As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)     If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

## INTERROGATORIES

1.     Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**RESPONSE:**

2.     Please state the full and correct name of the Defendant's business entity and all parent companies and subsidiaries.

**RESPONSE:**

3.     Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such person the number(s) of the interrogatories to which such person was consulted, was relied upon, or otherwise constituted a source of information.

**RESPONSE:**

4.     State when accident or injuries which are the subject of this Complaint first came to the attention of the Defendant or any representatives of Defendant, by whom

it was reported, and to whom it was reported. Please state whether any incident report, report of injury, insurance claim report, or accident report(s) was filled out, and provide a copy of said report(s).

**RESPONSE:**

5.    State whether or not any statement, interview, or report has been secured from the Plaintiff Damitia Gordon in connection with this matter, by the Defendant or any agent of the Defendant, including insurance companies. If so, please identify the date, place, and time the statement, interview, or report was taken; the name and address of the persons connected with taking it; whether the statement was oral, written, taped, recorded, or transcribed; whether it was signed; and upon whose behalf the statement, interview, or report was taken or made. Please attach a copy of any recorded or written statement taken from the Plaintiff Damitia Gordon. If no recorded or written statement was kept, please provide a detailed description of all information provided to you by the Plaintiff Damitia Gordon.

**RESPONSE:**

6.    Identify by name, address, telephone number, and relationship to any party in this lawsuit all persons believed by you to have knowledge of any discoverable evidence or information relating to any aspect of this case, including the alleged incident itself, the Plaintiff Damitia Gordon claims for damages, or any defense you intend to present. As part of your response, for each witness so identified briefly describe what discoverable evidence or information said witness is believed to know. In addition, identify all persons who the Defendant believes to be in possession of, or to have

knowledge of, any map, picture, photograph, drawing, video or other tangible thing relevant to any issue in this case, and identify what map, picture, photograph, drawing, video, or other tangible thing the person is believed to possess.

**RESPONSE:**

7.    Please state the names and addresses of every person known by Defendant, Defendant's representatives, or Defendant's attorneys to have witnessed the incident which is the subject of this Complaint, or who were present at the scene within sixty minutes before or after the accident. Designate which of such people claim to have witnessed the accident.

**RESPONSE:**

8.    Describe in detail every other accident or injury which has occurred on the business premises of the Defendant where this incident occurred, during any time when said premises have been under the possession or control of the Defendant within the last ten years. Include the date, time, the nature of any alleged injuries, the alleged cause of said injuries, whether any claim or Complaint was filed or reported, and if so, the disposition of said claim or Complaint.

**RESPONSE:**

9.    Was the Defendant or any employee or agent of the Defendant aware of the substance on the floor where the Plaintiff Damitia Gordon fell prior to the fall? If your answer is no, explain why inspections of the premises conducted by the Defendant

did not bring the substance to the Defendant's attention. If your answer is yes, state the following:

    (a)    When the substance first came to the Defendant's attention;

    (b)    Who noticed or identified the substance;

    (c)    State whether the Defendant or any employee thereof ever expressed a belief that the substance was hazardous in any way;

    (d)    State whether the Defendant identified the substance in any written report, request for maintenance, email, correspondence, or other written document, and if so, provide a copy of any such written document; and

    (e)    Describe every action taken by any employee or agent of the Defendant to repair the substance or warn customers about it, including the date of the action and who carried it out.

**RESPONSE:**


10.    Do you have any knowledge or belief about the origin of the substance on the premises in which the Plaintiff Damitia Gordon claims that she fell? If so, please fully describe this knowledge.

**RESPONSE:**


11.    State whether any maintenance or repairs were made to the area of the premises in which the Plaintiff Damitia Gordon claims to have fallen which are the subject of this Complaint, from five years prior to the incident which is the subject of this

Complaint to present. This would include, but not be limited to, any action taken to repair, caulk, or fill in the substance. If so, state:

(a)    The date of said maintenance or repair;

(b)    The name and address of the person or entity who performed the maintenance or repair;

(c)    The specific nature, in detail, of the maintenance or repair, including the specific location on the premises where the repair was done.

**RESPONSE:**

12.    List each of the following:

(a)    The names and addresses of those persons who have given to you, your attorney, or any person, firm or corporation acting on your behalf, any statements, incident reports, inspection reports, voice recordings, medical proof of claim forms, descriptions, or memoranda in any way concerning the incident or the premises where the incident occurred.

(b)    The name, telephone number, and address of the person, firm or corporation who now has possession of same.

**RESPONSE:**

13.    For each person whom you expect to call as an expert witness at trial, whether the witness is a retained expert or non-retained expert, please state the following:

(a) The expert's full name, business address and telephone number;

(b) The expert's occupation;

(c) The subject matter on which the expert is expected to testify and the expert's hourly deposition fee;

(d) The substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion; and

(e) The expert's qualifications to give an opinion (if such information is available on the expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

**RESPONSE:**


14. List the names, addresses, phone numbers, and training of any persons trained in analyzing, inspecting, investigating, observing, or making calculations based upon accident sites or related factors who have inspected, observed, or otherwise been in contact with the premises upon which the accident which is the subject of this Complaint occurred. Please also give the dates on which such persons observed the accident site premises and what physical evidence was observed, what measurements were made, what opinions were formed, and what tests were performed.

**RESPONSE:**


15. With regard to the incident alleged in the Complaint, state in detail, and in your own words, your understanding of how the incident and Plaintiff Damitia Gordon's injuries occurred. Your response must include the following:

(a)     Where on the premises the Plaintiff Damitia Gordon was at the time of the incident;

(b)     Everything that caused the incident to occur;

(c)     Whether you have any basis to believe the Plaintiff Damitia Gordon was injured or not injured;

(d)     Who was present when the Plaintiff Damitia Gordon fell;

(e)     Who was notified of the incident and what they were told; and

(f)     What kind of injuries Plaintiff Damitia Gordon suffered as a result of the accident, and whether you know of any medical treatment that the Plaintiff Damitia Gordon received for said injuries.

**RESPONSE:**


16.     Describe in detail any conversation or discussion the Defendant, or any agent or employee of the Defendant, may have had with the Plaintiff Damitia Gordon, witnesses, employees, or other persons regarding the incident which is the subject of this Complaint or the Plaintiff Damitia Gordon's injuries. Your response must include the names of all parties to the conversation, if known, as well as a recitation of what was said.

**RESPONSE:**


17.     Have you, or any person acting on your behalf, obtained any video, medical record, letter, note, correspondence, computer report, court record, criminal record, or other document relating to the Plaintiff Damitia Gordon, her medical condition,

her past history, or any prior accidents or injuries which may have involved the Plaintiff Damitia Gordon? If so, identify such document or record and provide a copy.

**RESPONSE:**

18. Have you or anyone working on your behalf, or on behalf of any representative of yours, made any attempt to survey, observe, photograph, and/or record, by any means, the Plaintiff Damitia Gordon to this action? This includes surveillance conducted upon the Plaintiff Damitia Gordon. If so, describe the result of the attempts, the dates of these attempts, and the identity of all individuals making such attempts. Please provide complete copies of all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings, that depict the Plaintiff Damitia Gordon, made by the individuals identified in response to this Interrogatory. Please note that this Interrogatory is continuing in nature and must be supplemented promptly if any attempt is made before trial to survey, observe, photograph, and/or record the Plaintiff Damitia Gordon by any means.

**RESPONSE:**

19. Please state the name and address of any potential party to this lawsuit, not already named as a party hereto.

**RESPONSE:**

20. Is it your contention that any negligence or fault on the part of the Plaintiff Damitia Gordon caused or contributed to the accident or injuries which are the subject of

this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

21.     Is it your contention that any negligence or fault on the part of any person or entity not already a party to this action caused or contributed to the accident or injuries which are the subject of this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

22.     Is it your contention that Plaintiff Damitia Gordon accident or injuries were related to or caused by a hazard on Defendant's premises which was open or obvious? If so, identify and describe in detail every fact which supports your contention, and state how long the open and obvious hazard or condition had existed on Defendant's premises. If your reply is that Defendant does not know how long the open and obvious hazard existed on the premises, explain in detail why Defendant does not know how long the hazard existed on the premises.

**RESPONSE:**

23.     Is it your contention that Plaintiff Damitia Gordon injuries and/or medical treatment is not causally related to her fall on the Defendant's premises? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

24.     Please specify the last date and time when the area of the premises in which the Plaintiff Damitia Gordon behalf prior to the accident which is the subject of this Complaint, as well as the first time the premises were inspected by the Defendant or on the Defendant's behalf subsequent to said accident. As part of your response, identify the name and address of the person who conducted said inspection.

**RESPONSE:**

# OATH

**STATE OF TENNESSEE**
**COUNTY OF** _____

_____, being first duly sworn, hereby makes oath and avers that he/she attests the foregoing responses to the Interrogatories on behalf of, in his/her capacity as _____, participated in the preparation of same, and that all of the statements made contained therein are true and complete to the best of his/her knowledge, information and belief.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me on this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:

## PLAINTIFFSS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff request that the Defendant produce the following documents pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure.

1.     Please produce all documents referred to, identified, or used in answering the Interrogatories set forth above.

**RESPONSE:**

2.     Please produce copies of any and all photographs, diagrams, maps, movies, or videos in your possession that depict the area of the premises in which the Plaintiff Damitia Gordon claims to have fallen, or upon which you are relying to answer these Interrogatories and Request for Production of Documents, and/or which you plan to present, even if only as demonstrative evidence, at the trial of this matter. As part of your response, state when, where, why, and by whom said materials were taken, created, or drawn.

**RESPONSE:**

3.     Please produce all documents, records, exhibits, photographs, movies, videotapes, medical records, surveillance tapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the Plaintiffs either before or after the accident that is described in the Complaint.

**RESPONSE:**

4. Please produce all bills or estimates for repair or maintenance to the substance in which Plaintiff Damitia Gordon claims to have fallen, from 5 years prior to the incident which is the subject of this Complaint to present.

**RESPONSE:**

5. If you intend to call any expert witness to testify in this case, please produce the following with respect to each such witness:

(a) A current and complete resume or curriculum vitae for the witness;

(b) A list of all cases the witness has testified in by way of oral deposition or trial testimony, including the name(s) of the attorney(s) who called the witness, during the five (5) year period immediately preceding your response;

(c) Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all defendants, defense law firms, and/or automobile liability insurance companies during the ten (10) year period immediately preceding your response.

(d) Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the

witness, for providing inspections, consulting, reports, depositions, and trial testimony for all Plaintiffs and/or Plaintiffs law firms during the ten (10) year period immediately preceding your response.

(e)     All raw facts, information, and/or data, including all notes, tests, photographs, videotapes, audio tapes, results, measurements, computer information, data or computer disks or hard drives, or any other information which in any way was relied upon by the witness in preparation of his/her report, analysis, reconstruction, or in the formulation and preparation of the opinions and conclusions contained therein, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case;

(f)     Copies of any and all literature, journal articles, treatises, technical papers or any other written and/or computer generated material or information of any type relied upon in any way in the preparation of the witness' report, analysis, reconstruction, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

Come now the Plaintiff, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, hereby requests that the Defendant admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1.      Admit that the Defendant owns and controls the premises where the incident alleged in the Complaint occurred.

**RESPONSE:**


2.      Admit that the Defendant knew or should have known about the substance on the floor of its premises where the incident occurred.

**RESPONSE:**


3.      Admit that the substance on the floor of the premises where the incident occurred was a fall hazard.

**RESPONSE:**


4.      Admit that the substance on the floor of the premises where the incident occurred was an unreasonably dangerous condition.

**RESPONSE:**


5.      Admit that the Plaintiff Damitia Gordon sustained injuries in the incident which is alleged in the Complaint.

**RESPONSE:**

     6.     Admit that this incident could have been prevented if the Defendant had exercised due care.

**RESPONSE:**

     7.     Admit that this incident could have been prevented if the Defendant had removed the substance on the floor prior to the incident which is the subject of the Complaint.

**RESPONSE:**

     8.     Admit that this incident could have been prevented if the Defendant had warned the Plaintiff Damitia Gordon about the presence of the substance which was involved in this incident.

**RESPONSE:**

     9.     Admit that the Defendant did not warn the Plaintiff Damitia Gordon about the substance which was involved in this incident.

**RESPONSE:**

     10.     Admit that the substance on the floor which was involved in this incident caused the Plaintiff Damitia Gordon to fall.

**RESPONSE:**

11.     Admit that this incident could have been prevented if Defendant had exercised due care.

**RESPONSE:**

12.     Admit that the Defendant was solely at fault for causing this incident.

**RESPONSE:**

13.     Admit that the Plaintiff Damitia Gordon was not at fault for causing this incident.

**RESPONSE:**

14.     Admit that no non-party contributed to or caused the incident.

**RESPONSE:**

15.     Admit that the Plaintiff Damitia Gordon received emergency medical care on the day of the incident.

**RESPONSE:**

16.     Admit that the Defendant received notice of the incident within 24 hours of when it occurred.

**RESPONSE:**

17.    Admit that the medical treatment received by the Plaintiff Damitia Gordon was reasonable and necessary.

**RESPONSE:**

# OATH

**STATE OF TENNESSEE**
**COUNTY OF** _____

_____, being first duly sworn, hereby makes oath and avers that he/she attests the foregoing responses to the Requests for Admissions on behalf of, in his/her capacity as _____, participated in the preparation of same, and that all of the statements made contained therein are true and complete to the best of his/her knowledge, information and belief.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me on this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:

Respectfully submitted,

Bradford J. Spicer, BPR#30357
PONCE LAW, PC
Attorney for Plaintiffs
400 Professional Park Drive
Goodlettsville, TN 37072
(615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendant.

Date: _5/24/24_

Bradford J. Spicer

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

FILED

MAY 28 2024

10:40

MELISSA HARRELL

DEPUTY CLERK

DAMITIA GORDON,  )
MATHILON GORDON  )
    Plaintiff,  )
   )
v.  )  Docket No. 82334
   )
WHATABURGER RESTAURANTS, LLC;  )
WHATABURGER FRANCHISE LLC; and  )
WHATABURGER #1270  )
   )
   )
    Defendants.  )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO THE DEFENDANT, WHATABURGER FRANCHISE, LLC

Plaintiffs hereby serve upon the Defendant, Whataburger Franchise, LLC, the following written Interrogatories and Requests for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within forty-five days (45) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)    As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)    As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)    As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)    As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)    As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)    With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)    If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

## **INTERROGATORIES**

1.    Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**RESPONSE:**

2.    Please state the full and correct name of the Defendant's business entity and all parent companies and subsidiaries.

**RESPONSE:**

3.    Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such person the number(s) of the interrogatories to which such person was consulted, was relied upon, or otherwise constituted a source of information.

**RESPONSE:**

4.    State when accident or injuries which are the subject of this Complaint first came to the attention of the Defendant or any representatives of Defendant, by whom

it was reported, and to whom it was reported. Please state whether any incident report, report of injury, insurance claim report, or accident report(s) was filled out, and provide a copy of said report(s).

**RESPONSE:**

5.     State whether or not any statement, interview, or report has been secured from the Plaintiff Damitia Gordon in connection with this matter, by the Defendant or any agent of the Defendant, including insurance companies. If so, please identify the date, place, and time the statement, interview, or report was taken; the name and address of the persons connected with taking it; whether the statement was oral, written, taped, recorded, or transcribed; whether it was signed; and upon whose behalf the statement, interview, or report was taken or made. Please attach a copy of any recorded or written statement taken from the Plaintiff Damitia Gordon. If no recorded or written statement was kept, please provide a detailed description of all information provided to you by the Plaintiff Damitia Gordon.

**RESPONSE:**

6.     Identify by name, address, telephone number, and relationship to any party in this lawsuit all persons believed by you to have knowledge of any discoverable evidence or information relating to any aspect of this case, including the alleged incident itself, the Plaintiff Damitia Gordon claims for damages, or any defense you intend to present. As part of your response, for each witness so identified briefly describe what discoverable evidence or information said witness is believed to know. In addition, identify all persons who the Defendant believes to be in possession of, or to have

knowledge of, any map, picture, photograph, drawing, video or other tangible thing relevant to any issue in this case, and identify what map, picture, photograph, drawing, video, or other tangible thing the person is believed to possess.

**RESPONSE:**

7.     Please state the names and addresses of every person known by Defendant, Defendant's representatives, or Defendant's attorneys to have witnessed the incident which is the subject of this Complaint, or who were present at the scene within sixty minutes before or after the accident. Designate which of such people claim to have witnessed the accident.

**RESPONSE:**

8.     Describe in detail every other accident or injury which has occurred on the business premises of the Defendant where this incident occurred, during any time when said premises have been under the possession or control of the Defendant within the last ten years. Include the date, time, the nature of any alleged injuries, the alleged cause of said injuries, whether any claim or Complaint was filed or reported, and if so, the disposition of said claim or Complaint.

**RESPONSE:**

9.     Was the Defendant or any employee or agent of the Defendant aware of the substance on the floor where the Plaintiff Damitia Gordon fell prior to the fall? If your answer is no, explain why inspections of the premises conducted by the Defendant

did not bring the substance to the Defendant's attention. If your answer is yes, state the following:

    (a)    When the substance first came to the Defendant's attention;

    (b)    Who noticed or identified the substance;

    (c)    State whether the Defendant or any employee thereof ever expressed a belief that the substance was hazardous in any way;

    (d)    State whether the Defendant identified the substance in any written report, request for maintenance, email, correspondence, or other written document, and if so, provide a copy of any such written document; and

    (e)    Describe every action taken by any employee or agent of the Defendant to repair the substance or warn customers about it, including the date of the action and who carried it out.

**RESPONSE:**


10.    Do you have any knowledge or belief about the origin of the substance on the premises in which the Plaintiff Damitia Gordon claims that she fell? If so, please fully describe this knowledge.

**RESPONSE:**


11.    State whether any maintenance or repairs were made to the area of the premises in which the Plaintiff Damitia Gordon claims to have fallen which are the subject of this Complaint, from five years prior to the incident which is the subject of this

Complaint to present. This would include, but not be limited to, any action taken to repair, caulk, or fill in the substance. If so, state:

(a) The date of said maintenance or repair;

(b) The name and address of the person or entity who performed the maintenance or repair;

(c) The specific nature, in detail, of the maintenance or repair, including the specific location on the premises where the repair was done.

**RESPONSE:**


12. List each of the following:

(a) The names and addresses of those persons who have given to you, your attorney, or any person, firm or corporation acting on your behalf, any statements, incident reports, inspection reports, voice recordings, medical proof of claim forms, descriptions, or memoranda in any way concerning the incident or the premises where the incident occurred.

(b) The name, telephone number, and address of the person, firm or corporation who now has possession of same.

**RESPONSE:**


13. For each person whom you expect to call as an expert witness at trial, whether the witness is a retained expert or non-retained expert, please state the following:

(a)     The expert's full name, business address and telephone number;

(b)     The expert's occupation;

(c)     The subject matter on which the expert is expected to testify and the expert's hourly deposition fee;

(d)     The substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion; and

(e)     The expert's qualifications to give an opinion (if such information is available on the expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

**RESPONSE:**


14.     List the names, addresses, phone numbers, and training of any persons trained in analyzing, inspecting, investigating, observing, or making calculations based upon accident sites or related factors who have inspected, observed, or otherwise been in contact with the premises upon which the accident which is the subject of this Complaint occurred. Please also give the dates on which such persons observed the accident site premises and what physical evidence was observed, what measurements were made, what opinions were formed, and what tests were performed.

**RESPONSE:**


15.     With regard to the incident alleged in the Complaint, state in detail, and in your own words, your understanding of how the incident and Plaintiff Damitia Gordon's injuries occurred. Your response must include the following:

(a) Where on the premises the Plaintiff Damitia Gordon was at the time of the incident;

(b) Everything that caused the incident to occur;

(c) Whether you have any basis to believe the Plaintiff Damitia Gordon was injured or not injured;

(d) Who was present when the Plaintiff Damitia Gordon fell;

(e) Who was notified of the incident and what they were told; and

(f) What kind of injuries Plaintiff Damitia Gordon suffered as a result of the accident, and whether you know of any medical treatment that the Plaintiff Damitia Gordon received for said injuries.

**RESPONSE:**


16.     Describe in detail any conversation or discussion the Defendant, or any agent or employee of the Defendant, may have had with the Plaintiff Damitia Gordon, witnesses, employees, or other persons regarding the incident which is the subject of this Complaint or the Plaintiff Damitia Gordon's injuries. Your response must include the names of all parties to the conversation, if known, as well as a recitation of what was said.

**RESPONSE:**


17.     Have you, or any person acting on your behalf, obtained any video, medical record, letter, note, correspondence, computer report, court record, criminal record, or other document relating to the Plaintiff Damitia Gordon, her medical condition,

her past history, or any prior accidents or injuries which may have involved the Plaintiff Damitia Gordon? If so, identify such document or record and provide a copy.

**RESPONSE:**

18.     Have you or anyone working on your behalf, or on behalf of any representative of yours, made any attempt to survey, observe, photograph, and/or record, by any means, the Plaintiff Damitia Gordon to this action? This includes surveillance conducted upon the Plaintiff Damitia Gordon. If so, describe the result of the attempts, the dates of these attempts, and the identity of all individuals making such attempts. Please provide complete copies of all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings, that depict the Plaintiff Damitia Gordon, made by the individuals identified in response to this Interrogatory. Please note that this Interrogatory is continuing in nature and must be supplemented promptly if any attempt is made before trial to survey, observe, photograph, and/or record the Plaintiff Damitia Gordon by any means.

**RESPONSE:**


19.     Please state the name and address of any potential party to this lawsuit, not already named as a party hereto.

**RESPONSE:**



20.     Is it your contention that any negligence or fault on the part of the Plaintiff Damitia Gordon caused or contributed to the accident or injuries which are the subject of

this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

21. Is it your contention that any negligence or fault on the part of any person or entity not already a party to this action caused or contributed to the accident or injuries which are the subject of this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

22. Is it your contention that Plaintiff Damitia Gordon accident or injuries were related to or caused by a hazard on Defendant's premises which was open or obvious? If so, identify and describe in detail every fact which supports your contention, and state how long the open and obvious hazard or condition had existed on Defendant's premises. If your reply is that Defendant does not know how long the open and obvious hazard existed on the premises, explain in detail why Defendant does not know how long the hazard existed on the premises.

**RESPONSE:**

23. Is it your contention that Plaintiff Damitia Gordon injuries and/or medical treatment is not causally related to her fall on the Defendant's premises? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

24.    Please specify the last date and time when the area of the premises in which the Plaintiff Damitia Gordon behalf prior to the accident which is the subject of this Complaint, as well as the first time the premises were inspected by the Defendant or on the Defendant's behalf subsequent to said accident. As part of your response, identify the name and address of the person who conducted said inspection.

**RESPONSE:**

# OATH

STATE OF TENNESSEE
COUNTY OF _____

_____, being first duly sworn,
hereby makes oath and avers that he/she attests the foregoing responses to the
Interrogatories on behalf of, in his/her capacity as _____,
participated in the preparation of same, and that all of the statements made contained
therein are true and complete to the best of his/her knowledge, information and belief.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me on this the _____ day of
_____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:

## PLAINTIFFSS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff request that the Defendant produce the following documents pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure.

1.      Please produce all documents referred to, identified, or used in answering the Interrogatories set forth above.

**RESPONSE:**

2.      Please produce copies of any and all photographs, diagrams, maps, movies, or videos in your possession that depict the area of the premises in which the Plaintiff Damitia Gordon claims to have fallen, or upon which you are relying to answer these Interrogatories and Request for Production of Documents, and/or which you plan to present, even if only as demonstrative evidence, at the trial of this matter. As part of your response, state when, where, why, and by whom said materials were taken, created, or drawn.

**RESPONSE:**

3.      Please produce all documents, records, exhibits, photographs, movies, videotapes, medical records, surveillance tapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the Plaintiffs either before or after the accident that is described in the Complaint.

**RESPONSE:**

4.     Please produce all bills or estimates for repair or maintenance to the substance in which Plaintiff Damitia Gordon claims to have fallen, from 5 years prior to the incident which is the subject of this Complaint to present.

**RESPONSE:**

5.     If you intend to call any expert witness to testify in this case, please produce the following with respect to each such witness:

(a)     A current and complete resume or curriculum vitae for the witness;

(b)     A list of all cases the witness has testified in by way of oral deposition or trial testimony, including the name(s) of the attorney(s) who called the witness, during the five (5) year period immediately preceding your response;

(c)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all defendants, defense law firms, and/or automobile liability insurance companies during the ten (10) year period immediately preceding your response.

(d)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the

witness, for providing inspections, consulting, reports, depositions, and trial testimony for all Plaintiffs and/or Plaintiffs law firms during the ten (10) year period immediately preceding your response.

(e)    All raw facts, information, and/or data, including all notes, tests, photographs, videotapes, audio tapes, results, measurements, computer information, data or computer disks or hard drives, or any other information which in any way was relied upon by the witness in preparation of his/her report, analysis, reconstruction, or in the formulation and preparation of the opinions and conclusions contained therein, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case;

(f)    Copies of any and all literature, journal articles, treatises, technical papers or any other written and/or computer generated material or information of any type relied upon in any way in the preparation of the witness' report, analysis, reconstruction, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

Come now the Plaintiff, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, hereby requests that the Defendant admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1.    Admit that the Defendant owns and controls the premises where the incident alleged in the Complaint occurred.

**RESPONSE:**

2.    Admit that the Defendant knew or should have known about the substance on the floor of its premises where the incident occurred.

**RESPONSE:**

3.    Admit that the substance on the floor of the premises where the incident occurred was a fall hazard.

**RESPONSE:**

4.    Admit that the substance on the floor of the premises where the incident occurred was an unreasonably dangerous condition.

**RESPONSE:**

5.    Admit that the Plaintiff Damitia Gordon sustained injuries in the incident which is alleged in the Complaint.

**RESPONSE:**

6.     Admit that this incident could have been prevented if the Defendant had exercised due care.

**RESPONSE:**

7.     Admit that this incident could have been prevented if the Defendant had removed the substance on the floor prior to the incident which is the subject of the Complaint.

**RESPONSE:**

8.     Admit that this incident could have been prevented if the Defendant had warned the Plaintiff Damitia Gordon about the presence of the substance which was involved in this incident.

**RESPONSE:**

9.     Admit that the Defendant did not warn the Plaintiff Damitia Gordon about the substance which was involved in this incident.

**RESPONSE:**

10.     Admit that the substance on the floor which was involved in this incident caused the Plaintiff Damitia Gordon to fall.

**RESPONSE:**

11.    Admit that this incident could have been prevented if Defendant had exercised due care.

   **RESPONSE:**


12.    Admit that the Defendant was solely at fault for causing this incident.

**RESPONSE:**


13.    Admit that the Plaintiff Damitia Gordon was not at fault for causing this incident.

   **RESPONSE:**


14.    Admit that no non-party contributed to or caused the incident.

   **RESPONSE:**


15.    Admit that the Plaintiff Damitia Gordon received emergency medical care on the day of the incident.

   **RESPONSE:**


16.    Admit that the Defendant received notice of the incident within 24 hours of when it occurred.

   **RESPONSE:**

17.     Admit that the medical treatment received by the Plaintiff Damitia Gordon was reasonable and necessary.

**RESPONSE:**

# OATH

STATE OF TENNESSEE
COUNTY OF _____

_____, being first duly sworn,
hereby makes oath and avers that he/she attests the foregoing responses to the Requests
for Admissions on behalf of, in his/her capacity as _____,
participated in the preparation of same, and that all of the statements made contained
therein are true and complete to the best of his/her knowledge, information and belief.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me on this the _____ day of
_____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:

Respectfully submitted,

Bradford J. Spicer, BPR#30357
PONCE LAW, PC
Attorney for Plaintiffs
400 Professional Park Drive
Goodlettsville, TN 37072
(615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendant.

Date: 5/24/24

Bradford J. Spicer

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

DAMITIA GORDON, )
MATHILON GORDON )
    Plaintiff, )
     )
     )
v. ) Docket No. 82234
     )
WHATABURGER RESTAURANTS, LLC; )
WHATABURGER FRANCHISE LLC; and )
WHATABURGER #1270 )
     )
     )
    Defendants. )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO THE DEFENDANT, WHATABURGER RESTAURANTS, LLC

Plaintiffs hereby serve upon the Defendant, Whataburger Restaurants, LLC, the following written Interrogatories and Requests for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within forty-five days (45) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)　　As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)　　As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)　　As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)　　As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)　　As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)　　As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)     If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

## INTERROGATORIES

1.     Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**RESPONSE:**

2.     Please state the full and correct name of the Defendant's business entity and all parent companies and subsidiaries.

**RESPONSE:**

3.     Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such person the number(s) of the interrogatories to which such person was consulted, was relied upon, or otherwise constituted a source of information.

**RESPONSE:**

4.     State when accident or injuries which are the subject of this Complaint first came to the attention of the Defendant or any representatives of Defendant, by whom

it was reported, and to whom it was reported. Please state whether any incident report, report of injury, insurance claim report, or accident report(s) was filled out, and provide a copy of said report(s).

**RESPONSE:**

5.     State whether or not any statement, interview, or report has been secured from the Plaintiff Damitia Gordon in connection with this matter, by the Defendant or any agent of the Defendant, including insurance companies. If so, please identify the date, place, and time the statement, interview, or report was taken; the name and address of the persons connected with taking it; whether the statement was oral, written, taped, recorded, or transcribed; whether it was signed; and upon whose behalf the statement, interview, or report was taken or made. Please attach a copy of any recorded or written statement taken from the Plaintiff Damitia Gordon. If no recorded or written statement was kept, please provide a detailed description of all information provided to you by the Plaintiff Damitia Gordon.

**RESPONSE:**

.  6.     Identify by name, address, telephone number, and relationship to any party in this lawsuit all persons believed by you to have knowledge of any discoverable evidence or information relating to any aspect of this case, including the alleged incident itself, the Plaintiff Damitia Gordon claims for damages, or any defense you intend to present. As part of your response, for each witness so identified briefly describe what discoverable evidence or information said witness is believed to know. In addition, identify all persons who the Defendant believes to be in possession of, or to have

knowledge of, any map, picture, photograph, drawing, video or other tangible thing relevant to any issue in this case, and identify what map, picture, photograph, drawing, video, or other tangible thing the person is believed to possess.

**RESPONSE:**

7.     Please state the names and addresses of every person known by Defendant, Defendant's representatives, or Defendant's attorneys to have witnessed the incident which is the subject of this Complaint, or who were present at the scene within sixty minutes before or after the accident. Designate which of such people claim to have witnessed the accident.

**RESPONSE:**

8.     Describe in detail every other accident or injury which has occurred on the business premises of the Defendant where this incident occurred, during any time when said premises have been under the possession or control of the Defendant within the last ten years. Include the date, time, the nature of any alleged injuries, the alleged cause of said injuries, whether any claim or Complaint was filed or reported, and if so, the disposition of said claim or Complaint.

**RESPONSE:**

9.     Was the Defendant or any employee or agent of the Defendant aware of the substance on the floor where the Plaintiff Damitia Gordon fell prior to the fall? If your answer is no, explain why inspections of the premises conducted by the Defendant

did not bring the substance to the Defendant's attention. If your answer is yes, state the following:

(a)    When the substance first came to the Defendant's attention;

(b)    Who noticed or identified the substance;

(c)    State whether the Defendant or any employee thereof ever expressed a belief that the substance was hazardous in any way;

(d)    State whether the Defendant identified the substance in any written report, request for maintenance, email, correspondence, or other written document, and if so, provide a copy of any such written document; and

(e)    Describe every action taken by any employee or agent of the Defendant to repair the substance or warn customers about it, including the date of the action and who carried it out.

**RESPONSE:**


10.    Do you have any knowledge or belief about the origin of the substance on the premises in which the Plaintiff Damitia Gordon claims that she fell? If so, please fully describe this knowledge.

**RESPONSE:**


11.    State whether any maintenance or repairs were made to the area of the premises in which the Plaintiff Damitia Gordon claims to have fallen which are the subject of this Complaint, from five years prior to the incident which is the subject of this

Complaint to present. This would include, but not be limited to, any action taken to repair, caulk, or fill in the substance. If so, state:

(a)  The date of said maintenance or repair;

(b)  The name and address of the person or entity who performed the maintenance or repair;

(c)  The specific nature, in detail, of the maintenance or repair, including the specific location on the premises where the repair was done.

**RESPONSE:**

12.  List each of the following:

(a)  The names and addresses of those persons who have given to you, your attorney, or any person, firm or corporation acting on your behalf, any statements, incident reports, inspection reports, voice recordings, medical proof of claim forms, descriptions, or memoranda in any way concerning the incident or the premises where the incident occurred.

(b)  The name, telephone number, and address of the person, firm or corporation who now has possession of same.

**RESPONSE:**

13.  For each person whom you expect to call as an expert witness at trial, whether the witness is a retained expert or non-retained expert, please state the following:

(a)     The expert's full name, business address and telephone number;

(b)     The expert's occupation;

(c)     The subject matter on which the expert is expected to testify and the expert's hourly deposition fee;

(d)     The substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion; and

(e)     The expert's qualifications to give an opinion (if such information is available on the expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

**RESPONSE:**


14.     List the names, addresses, phone numbers, and training of any persons trained in analyzing, inspecting, investigating, observing, or making calculations based upon accident sites or related factors who have inspected, observed, or otherwise been in contact with the premises upon which the accident which is the subject of this Complaint occurred. Please also give the dates on which such persons observed the accident site premises and what physical evidence was observed, what measurements were made, what opinions were formed, and what tests were performed.

**RESPONSE:**


15.     With regard to the incident alleged in the Complaint, state in detail, and in your own words, your understanding of how the incident and Plaintiff Damitia Gordon's injuries occurred. Your response must include the following:

(a)    Where on the premises the Plaintiff Damitia Gordon was at the time of the incident;

(b)    Everything that caused the incident to occur;

(c)    Whether you have any basis to believe the Plaintiff Damitia Gordon was injured or not injured;

(d)    Who was present when the Plaintiff Damitia Gordon fell;

(e)    Who was notified of the incident and what they were told; and

(f)    What kind of injuries Plaintiff Damitia Gordon suffered as a result of the accident, and whether you know of any medical treatment that the Plaintiff Damitia Gordon received for said injuries.

**RESPONSE:**

16.    Describe in detail any conversation or discussion the Defendant, or any agent or employee of the Defendant, may have had with the Plaintiff Damitia Gordon, witnesses, employees, or other persons regarding the incident which is the subject of this Complaint or the Plaintiff Damitia Gordon's injuries. Your response must include the names of all parties to the conversation, if known, as well as a recitation of what was said.

**RESPONSE:**

17.    Have you, or any person acting on your behalf, obtained any video, medical record, letter, note, correspondence, computer report, court record, criminal record, or other document relating to the Plaintiff Damitia Gordon, her medical condition,

her past history, or any prior accidents or injuries which may have involved the Plaintiff Damitia Gordon? If so, identify such document or record and provide a copy.

**RESPONSE:**

18.    Have you or anyone working on your behalf, or on behalf of any representative of yours, made any attempt to survey, observe, photograph, and/or record, by any means, the Plaintiff Damitia Gordon to this action? This includes surveillance conducted upon the Plaintiff Damitia Gordon. If so, describe the result of the attempts, the dates of these attempts, and the identity of all individuals making such attempts. Please provide complete copies of all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings, that depict the Plaintiff Damitia Gordon, made by the individuals identified in response to this Interrogatory. Please note that this Interrogatory is continuing in nature and must be supplemented promptly if any attempt is made before trial to survey, observe, photograph, and/or record the Plaintiff Damitia Gordon by any means.

**RESPONSE:**


19.    Please state the name and address of any potential party to this lawsuit, not already named as a party hereto.

**RESPONSE:**


20.    Is it your contention that any negligence or fault on the part of the Plaintiff Damitia Gordon caused or contributed to the accident or injuries which are the subject of

this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

21.     Is it your contention that any negligence or fault on the part of any person or entity not already a party to this action caused or contributed to the accident or injuries which are the subject of this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

22.     Is it your contention that Plaintiff Damitia Gordon accident or injuries were related to or caused by a hazard on Defendant's premises which was open or obvious? If so, identify and describe in detail every fact which supports your contention, and state how long the open and obvious hazard or condition had existed on Defendant's premises. If your reply is that Defendant does not know how long the open and obvious hazard existed on the premises, explain in detail why Defendant does not know how long the hazard existed on the premises.

**RESPONSE:**

23.     Is it your contention that Plaintiff Damitia Gordon injuries and/or medical treatment is not causally related to her fall on the Defendant's premises? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

24.     Please specify the last date and time when the area of the premises in which the Plaintiff Damitia Gordon behalf prior to the accident which is the subject of this Complaint, as well as the first time the premises were inspected by the Defendant or on the Defendant's behalf subsequent to said accident. As part of your response, identify the name and address of the person who conducted said inspection.

     **RESPONSE:**

# OATH

STATE OF TENNESSEE
COUNTY OF _____

_____, being first duly sworn, hereby makes oath and avers that he/she attests the foregoing responses to the Interrogatories on behalf of, in his/her capacity as _____, participated in the preparation of same, and that all of the statements made contained therein are true and complete to the best of his/her knowledge, information and belief.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me on this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:

## PLAINTIFFSS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff request that the Defendant produce the following documents pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure.

1.     Please produce all documents referred to, identified, or used in answering the Interrogatories set forth above.

**RESPONSE:**

2.     Please produce copies of any and all photographs, diagrams, maps, movies, or videos in your possession that depict the area of the premises in which the Plaintiff Damitia Gordon claims to have fallen, or upon which you are relying to answer these Interrogatories and Request for Production of Documents, and/or which you plan to present, even if only as demonstrative evidence, at the trial of this matter. As part of your response, state when, where, why, and by whom said materials were taken, created, or drawn.

**RESPONSE:**

3.     Please produce all documents, records, exhibits, photographs, movies, videotapes, medical records, surveillance tapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the Plaintiffs either before or after the accident that is described in the Complaint.

**RESPONSE:**

4.     Please produce all bills or estimates for repair or maintenance to the substance in which Plaintiff Damitia Gordon claims to have fallen, from 5 years prior to the incident which is the subject of this Complaint to present.

**RESPONSE:**

5.     If you intend to call any expert witness to testify in this case, please produce the following with respect to each such witness:

    (a)     A current and complete resume or curriculum vitae for the witness;

    (b)     A list of all cases the witness has testified in by way of oral deposition or trial testimony, including the name(s) of the attorney(s) who called the witness, during the five (5) year period immediately preceding your response;

    (c)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all defendants, defense law firms, and/or automobile liability insurance companies during the ten (10) year period immediately preceding your response.

    (d)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the

witness, for providing inspections, consulting, reports, depositions, and trial testimony for all Plaintiffs and/or Plaintiffs law firms during the ten (10) year period immediately preceding your response.

(e)     All raw facts, information, and/or data, including all notes, tests, photographs, videotapes, audio tapes, results, measurements, computer information, data or computer disks or hard drives, or any other information which in any way was relied upon by the witness in preparation of his/her report, analysis, reconstruction, or in the formulation and preparation of the opinions and conclusions contained therein, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case;

(f)     Copies of any and all literature, journal articles, treatises, technical papers or any other written and/or computer generated material or information of any type relied upon in any way in the preparation of the witness' report, analysis, reconstruction, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

Come now the Plaintiff, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, hereby requests that the Defendant admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1.      Admit that the Defendant owns and controls the premises where the incident alleged in the Complaint occurred.

**RESPONSE:**

2.      Admit that the Defendant knew or should have known about the substance on the floor of its premises where the incident occurred.

**RESPONSE:**

3.      Admit that the substance on the floor of the premises where the incident occurred was a fall hazard.

**RESPONSE:**

4.      Admit that the substance on the floor of the premises where the incident occurred was an unreasonably dangerous condition.

**RESPONSE:**

5.      Admit that the Plaintiff Damitia Gordon sustained injuries in the incident which is alleged in the Complaint.

**RESPONSE:**

6.    Admit that this incident could have been prevented if the Defendant had exercised due care.

**RESPONSE:**

7.    Admit that this incident could have been prevented if the Defendant had removed the substance on the floor prior to the incident which is the subject of the Complaint.

**RESPONSE:**

8.    Admit that this incident could have been prevented if the Defendant had warned the Plaintiff Damitia Gordon about the presence of the substance which was involved in this incident.

**RESPONSE:**

9.    Admit that the Defendant did not warn the Plaintiff Damitia Gordon about the substance which was involved in this incident.

**RESPONSE:**

10.    Admit that the substance on the floor which was involved in this incident caused the Plaintiff Damitia Gordon to fall.

**RESPONSE:**

11.    Admit that this incident could have been prevented if Defendant had exercised due care.

**RESPONSE:**


12.    Admit that the Defendant was solely at fault for causing this incident.

**RESPONSE:**


13.    Admit that the Plaintiff Damitia Gordon was not at fault for causing this incident.

**RESPONSE:**


14.    Admit that no non-party contributed to or caused the incident.

**RESPONSE:**



15.    Admit that the Plaintiff Damitia Gordon received emergency medical care on the day of the incident.

**RESPONSE:**


16.    Admit that the Defendant received notice of the incident within 24 hours of when it occurred.

**RESPONSE:**

17.    Admit that the medical treatment received by the Plaintiff Damitia Gordon was reasonable and necessary.

**RESPONSE:**

# OATH

STATE OF TENNESSEE
COUNTY OF _____

_____, being first duly sworn,
hereby makes oath and avers that he/she attests the foregoing responses to the Requests
for Admissions on behalf of, in his/her capacity as _____,
participated in the preparation of same, and that all of the statements made contained
therein are true and complete to the best of his/her knowledge, information and belief.

_____
Signature

_____
Printed Name

Sworn   to   and   subscribed   before   me   on   this   the   _____   day   of
_____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:

Respectfully submitted,

Bradford J. Spicer, BPR#30357
PONCE LAW, PC
Attorney for Plaintiffs
400 Professional Park Drive
Goodlettsville, TN 37072
(615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendant.

Date: 5/24/24

Bradford J. Spicer

CIRCUIT COURT SUMMONS

RFREESBORO, TENNESSEE

## STATE OF TENNESSEE
## RUTHERFORD COUNTY
## 16TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

DAMITIA GORDON,

MATHILON GORDON
Plaintiff

CIVIL ACTION
DOCKET NO. 82334

**Method of Service:**

Vs.

**WHATABURGER #1270**
**SERVE: MANAGER/ AGENT AUTHORIZED TO ACCEPT SERVICE**

**360 SAM RIDLEY PARKWAY WEST**

**SMYRNA, TN 37167**

Defendant

☒ Rutherford County Sheriff
☐ Out of County Sheriff
☐ Secretary of State FILED
☐ Certified Mail MAY 31 2024
☐ Personal Service
☐ Commissioner of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 116 W. Lyle St., Room 106, Murfreesboro, TN 37130, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: May 28, 2024

**MELISSA HARRELL**
Circuit Court Clerk
Rutherford County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Ponce Law, PC |
| or | 400 Professional Park Drive |
| PLAINTIFF'S ADDRESS | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**MELISSA HARRELL**
Circuit Court Clerk

Received this summons for service this 29 day of May, 2024

**SHERIFF**

If you have a disability and require assistance, please contact 615-898-7820.

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that on the _____30_____ day of ____May____, 20_24_, I:

_Kevin Arnold_ served this summons and complaint/petition on _Whataburger_

_Read and gave copy._ _____ in the following manner:

☐ failed to serve this summons within 90 days after its issuance because _____

_____
Sheriff/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket _____ to the defendant, _____. On the _____ day of _____ 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

**NOTICE**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

(To be completed only if
copy certification required.)

I, Melissa Harrell, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

MELISSA HARRELL, CLERK

By: _____ D.C.

CIRCUIT COURT SUMMONS

MURFREESBORO, TENNESSEE

## STATE OF TENNESSEE
## RUTHERFORD COUNTY
## 16TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

CIVIL ACTION
DOCKET NO. 82334

75
63

DAMITIA GORDON,

MATHILON GORDON
Plaintiff

**Method of Service:**

☐ Rutherford County Sheriff

Vs.

☒ Out of County Sheriff

WHATABURGER FRANCHISE, LLC

☐ Secretary of State

**FILED**

SERVE: CORPORATION COMPANY

☐ Certified Mail **JUN 20 2024**

2908 POSTON AVENUE

☐ Personal Service  O'CLOCK MELISSA HARRELL

NASHVILLE, TN 37203
Defendant

☐ Commissioner of Insurance

DEPUTY CLERK

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 116 W. Lyle St., Room 106, Murfreesboro, TN 37130, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: May 28, 2024

**MELISSA HARRELL**
Circuit Court Clerk
Rutherford County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Ponce Law, PC |
| or | |
| | 400 Professional Park Drive |
| PLAINTIFF'S ADDRESS | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**MELISSA HARRELL**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ **If you have a disability and require assistance, please contact 615-898-7820.**

JUN 1 4 2024

Rec'd Date County D.S.

# RETURN ON PERSONAL SERVICE OF SUMMONS

JUN 1 4 2024

I hereby certify and return that on the _____ day of _____, 20____, I:

☐ served this summons and complaint/petition on _____

**Served**

~~Corporation Service Company~~ _____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

Cynthia Walker
Davidson County Sheriff's Office
P.O. Box 196383
Sheriff/Process Server
Nashville, TN. 37219-6383

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket _____ to the defendant, _____. On the _____ day of _____ 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20____.

_____
_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

(To be completed only if
copy certification required.)

I, Melissa Harrell, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

MELISSA HARRELL, CLERK

By: _____D.C.

CIRCUIT COURT SUMMONS

MURFREESBORO, TENNESSEE

**STATE OF TENNESSEE**
**RUTHERFORD COUNTY**
**16TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

63

75-

CIVIL ACTION
DOCKET NO. 82334

DAMITIA GORDON,

MATHILON GORDON
Plaintiff

Vs.

WHATABURGER RESTAURANTS, LLC

SERVE: CORPORATION SERVICE COMPANY

2908 POSTON AVENUE

NASHVILLE, TN 37203
Defendant

**Method of Service:**

☐ Rutherford County Sheriff
☒ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

FILED

JUN 20 2024

O'CLOCK

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 116 W. Lyle St., Room 106, Murfreesboro, TN 37130, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: May 28, 2024

**MELISSA HARRELL**
Circuit Court Clerk
Rutherford County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ponce Law, PC |
| --- | --- |
| | 400 Professional Park Drive |
| | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**MELISSA HARRELL**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ **If you have a disability and require assistance, please contact 615-898-7820.**

Case 3:24-cv-00793    Document 1-2    Filed 06/28/24    Page 76 of 77 PageID #: 92

JUN 1 4 2024

Rec'd Date

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that on the _____ JUN 14 2024 day of _____, 20_____, I:

☑ served this summons and complaint/petition on

Served

Corporation Service Company

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because

_____

Cynthia Walker
Davidson County Sheriff's Office
Sheriff/Process Server 96383
Nashville, TN. 37219 ____

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket

_____ to the defendant, _____ . On the _____ day of

_____ 20 _____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____ , 20 _____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____ , 20 _____ .

_____
NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

**NOTICE**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF RUTHERFORD

I, Melissa Harrell, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification required.)

MELISSA HARRELL, CLERK

By: _____ D.C.